UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CHARLES LANCE HAYES, JR., ET AL**              **CIVIL ACTION**

**VERSUS**                                                                **NO. 12-588-BAJ-RLB**

**FRONTERA PRODUCE, LTD., ET AL**

**ORDER**

Before the Court is the Plaintiffs' Motion to Compel seeking the production of documents identified in the Fed. R. Civ. P. 26(a)(1) initial disclosures of Defendant Primus Group, Inc., d/b/a Primus Labs ("Primus") (R. Doc. 46). Primus opposes the motion (R. Doc. 52). For the reasons discussed below, the Plaintiff's Motion to Compel is **DENIED**.

   **I.   Background**

On September 4, 2013, the court set the deadline to exchange Fed. R. Civ. P. 26(a)(1) initial disclosures on October 15, 2013 and the deadline to file discovery motions and to complete all discovery except experts by August 18, 2014 (R. Doc. 40). On October 11, 2013, Primus timely served its initial disclosures on the Plaintiffs (R. Doc. 46-2). Primus's initial disclosures identified and described categories of documents that Primus intends to use at trial.

The Plaintiffs informally requested Primus to produce the documents identified and described in Primus's initial disclosures (R. Doc. 46-1 at 2). Primus has declined to produce the documents absent a formal request for production of documents under Fed. R. Civ. P. 34 (R. Doc. 52 at 2). The Plaintiffs argue that Primus had a duty to produce the disclosed documents under Fed. R. Civ. P. 26(a). The Plaintiffs move the court, under Fed. R. Civ. P. 37(a)(1) and (3)(A), to "enter an Order compelling the production of all documents described in Primus's

initial disclosures, or, in the alternative, preclude Primus's use of all described documents in the trial of this matter." (R. Doc. 46-1 at 3-4).

## II. Law and Analysis

Rule 26(a) provides, in pertinent part, that a party must, without awaiting a discovery request, provide to the <u>other</u> parties:

> a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment[.]

Fed. R. Civ. P. 26(a)(1)(A)(ii).

Plaintiff does not argue that Primus failed to describe "by category and location . . . all documents, electronically stored information, and tangible things that [Primus] has in its possession, custody and control and may use to support its claims or defenses." Instead, Plaintiffs argue that Primus had a duty to produce copies of the documents described in Primus's initial disclosures wither with its disclosures or after the Plaintiffs informally requested copies of the documents (R. Doc. 46-1 at 2-3).

Rule 26(a)(1)(A)(ii) does not require a party to produce documents; the disclosing party has the option of producing a "copy" of the identified documents or providing a "description by category and location" of those documents.  Courts have acknowledged that this "duty to disclose is not synonymous with a duty to produce." *Forbes v. 21st Century Ins. Co.*, 258 F.R.D. 335, 337 (D. Ariz. 2009) ("While some sections of Rule 26 require information be both disclosed and produced, Rule 26(a)(1)(A)(ii) only requires parties to provide notice regarding documents." ("[A] duty to disclose is not synonymous with a duty to produce."); *see also Sizemore v. WalMart Stores, Inc.*, No. H-05-1589, 2006 WL 1698291, at *3 (S.D. Tex. June 16, 2006) ("Rule 26(a) of the Federal Rules of Civil Procedure . . . requires only that the documents be

described by category and location" and, upon receiving such description, the plaintiff may "then request production of the described documents" under Rule 34(b)); *Rural Water Dist. No. 4, Douglas Cnty., Kan. v. City of Eudora, Kan.*, No. 07-2463, 2008 WL 5173109 (D. Kan. Dec. 10, 2008) ("While Fed.R.Civ.P. 26(a) *allows* initial disclosures to be made by producing copies of relevant documents, the rule does not require either party to actually produce copies of documents. A party may opt to provide a description of the documents by category and location.").

In support of its position, the Plaintiff quotes the advisory committee's notes on the 1993 amendments to Rule 26, which provides, among other things, that a major purpose of the disclosure requirement is "to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information." The advisory committee's notes also state, however, that the disclosure requirement of Rule 26(a)(1)(A)(ii) "does not require production of any documents."[1] The advisory committee's notes clarify that documents identified, but not produced, under Rule 26(a)(1) should be sought by the non-disclosing party through a formal request of discovery under Rule 34:

> [I]n cases involving few documents a disclosing party may prefer to provide copies of the documents rather than describe them, and the rule is written to afford this option to the disclosing party. If, as will be more typical, only the description is provided, the other parties are expected to obtain the documents desired by proceeding under Rule 34 or through informal requests. The disclosing party does not, by describing documents under [Rule 26(a)(1)(A)(ii)], waive its right to object to production on the basis of privilege or work product protection, or to assert that the documents are not sufficiently relevant to justify the burden or expense of production.

Fed. R. Civ. P. 26 advisory committee's note; *see also* 8A Wright & Miller, *Federal Practice and Procedure* § 2053 (3d ed.) (a listing of materials by category, as opposed to making a copy

---

[1] The advisory committee's notes on the 1993 amendments to Rule 26 discusses Rule 26(a)(1)(B). The 2007 amendments to renumbered Rule 26(a)(1)(B) as Rule 26(a)(1)(A)(ii).

3

of the pertinent materials available, satisfies Rule 26(a)(1)(A)(ii), and the "objective of such a listing is to enable the other parties to make informed decisions about which documents they should request be produced pursuant to Rule 34.").

Primus had the option of producing the documents described in its initial disclosure at the time of disclosure or in response to informal requests by the Plaintiffs, but it did not have a duty to do so under Rule 26(a)(1)(A)(ii).  The discovery deadline is August 18, 2014.  The Plaintiffs have ample time to seek the documents disclosed by Primus under Rule 34.

### III.  Conclusion

For the reasons discussed above, **IT IS ORDERED** that Plaintiff's Motion to Compel is **DENIED.**

Signed in Baton Rouge, Louisiana, on November 20, 2013.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**