# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

CHARLES LANCE HAYES, JR., ET AL.

CIVIL ACTION

VERSUS

FRONTERA PRODUCE, LTD., ET AL.

NO.: 3:12-cv-00588-BAJ-RLB

## RULING AND ORDER

Before the Court are three related motions: (1) Plaintiffs' **MOTION FOR LEAVE TO AMEND, (Doc. 54)**; (2) Plaintiffs' **UNOPPOSED MOTION FOR LEAVE TO SUPPLEMENT, (Doc. 55)**; and (3) Plaintiffs' **MOTION FOR RECONSIDERATION, (Doc. 62)**. Defendant Primus Group, Inc. ("Primus") opposes Plaintiffs' Motion for Leave to Amend, and Motion for Reconsideration. (Doc. 56 (Primus's Opposition to Plaintiffs' Motion for Leave to Amend the Complaint); Doc. 70 (Primus's Opposition to Plaintiffs' Motion for Reconsideration). For reasons explained below, Plaintiffs' **MOTION FOR LEAVE TO AMEND (Doc. 54)** shall be **GRANTED**. However, Plaintiffs' **UNOPPOSED MOTION FOR LEAVE TO SUPPLEMENT (Doc. 55)**, and **MOTION FOR RECONSIDERATION (Doc. 62)** shall each be **DENIED**.

I.  BACKGROUND AND DISCUSSION

   a. Plaintiffs' Motion for Leave to Amend (Doc. 54)

First, the Court considers Plaintiffs' Motion for Leave to Amend (Doc. 54). Plaintiffs request leave to amend their original Complaint in light of "additional . . . information not in Plaintiffs' possession prior to November 1, 2013." (Doc. 54 at ¶ 4). Defendants oppose, asserting: (1) Plaintiffs' request to amend is untimely in light of the Court's scheduling order; and (2) in any event, amendment is "futile" because "Plaintiffs [cannot] state a cause of action for negligence against Primus given that Primus did not owe Decedent a duty of care." (Doc. 56 at pp. 1–2).

As a general matter, Federal Rule of Civil Procedure ("Rule") 15 controls whether and when a party may amend a complaint. In pertinent part, Rule 15 provides: "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should *freely give leave when justice so requires.*" Fed. R. Civ. P. 15(a)(2) (emphasis added). Here, however, the Court entered a scheduling order setting a deadline of November 1, 2013 "for amending the complaint or adding new parties, claims, counterclaims, or cross-claims." (Doc. 40 at ¶ 1). Rule 16 provides that "[a] schedule may be modified *only for good cause and with the judge's consent.*" Fed. R. Civ. P. 16(b)(4) (emphasis added).

Plaintiffs filed their Motion for Leave to Amend on January 28, 2014, well beyond the court-imposed deadline. (*See* Doc. 54). Nonetheless, the Court is satisfied that "good cause" warrants a departure from the November 1, 2013

2

deadline. As noted by Plaintiffs, "the parties and national counsel involved in this matter are involved in many other suits filed nationally arising from the subject [*Listeria*] outbreak, many of which are venued in Colorado courts." (Doc. 54 at ¶ 4). Indeed, the Court recently entered an Order modifying the remaining deadlines in this matter based on its observation that "much of the discovery in the Colorado cases will overlap with the discovery in this case." (Doc. 71 at p. 1, 2–3). It is hardly surprising—given the geographical reach of this litigation—that new information would come to light, which would affect the nature of Plaintiffs' claims.

Nor is the Court persuaded by Primus's argument that it is futile to allow Plaintiffs to amend their Complaint. Although, for reasons explained below, the Court agrees with Primus's position that Plaintiffs' cause of action *against Primus* must be dismissed *even in light of the additional claims* made in Plaintiffs' Amended Complaint, Plaintiffs' proposed amendments go *beyond* their claims against Primus. Accordingly, because Plaintiffs' proposed amendments also relate to their cause of action against remaining Defendant Frontera Produce, Ltd., it is *not* futile to allow Plaintiffs an opportunity to amend.

### b. Plaintiffs' Unopposed Motion for Leave to Supplement (Doc. 55)

Plaintiffs' request to supplement their opposition to Primus's Motion to Dismiss is moot in light of the Court's Order granting Primus's motion to dismiss. (*See* Doc. 55 (Plaintiffs' Unopposed Motion for Leave to Supplement); Doc. 61 (Order Granting Primus's Motion to Dismiss)). Accordingly, Plaintiffs' Motion for Leave to

3

Supplement (Doc. 55) will be denied. Nevertheless, the Court will consider the supplemental authority provided by Plaintiffs with their Motion for Leave to Supplement—specifically, the U.S. District Court for the Western District of Oklahoma's Order denying in part and granting in part Primus's motion to dismiss in a case with similar facts (*See* Doc. 55-1)—as additional authority in support of Plaintiffs' Motion for Reconsideration, (*see* Doc. 62; Doc. 75).

### c. Plaintiffs' Motion for Reconsideration (Doc. 62)

Finally, Plaintiffs urge the Court to "reconsider" its Order dismissing Plaintiffs' claims against Defendant Primus. (*See* Doc. 62 at p. 2). Plaintiffs request relief on either of two grounds: (1) the Court's Order dismissing Plaintiffs' claims against Primus failed to "specifically" address whether Primus owed a duty to Decedent "under Restatement 2d of Torts § 324A," (*see id.* at pp. 2, 3–7); and (2) the Court's Order dismissing Plaintiffs' claims against Primus failed to take into account the facts alleged in the "Proposed Amended Complaint," (*id.* at pp. 7–8).

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). However, Rule 59(e) provides that a party may file "[a] motion to alter or amend a judgment [within] 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Court issued its Order granting Primus's Motion to Dismiss on March 24, 2014. (Doc. 61). Twenty-five days later, on April 18, 2014, Plaintiffs filed their Motion for Reconsideration. (Doc. 62). Accordingly, the Court will treat Plaintiffs' Motion as a

4

Rule 59(e) Motion to Alter or Amend a Judgment. (*See* Doc. 62 at p. 3 (Plaintiffs' Motion for Reconsideration, urging that their request be considered under Rule 59(e)).

The U.S. Fifth Circuit has explained Rule 59(e)'s purpose and proper application as follows:

> A Rule 59(e) motion calls into question the correctness of a judgment. This Court has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Rather, Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.

*Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (quotation marks, citations, and alterations omitted).

Plaintiffs' Rule 59(e) motion fails to demonstrate any "manifest error[] of law or fact or to present newly discovered evidence," such that would cause this Court to reconsider its Order granting Primus's Motion to Dismiss. *Id.* First, Plaintiffs' request that the Court revisit its determination that Primus owed no duty to Decedent in light of § 324A is simply an attempt to "rehash[] . . . [a] legal theor[y]" rejected by the Court in its prior Order. *See id.* Plaintiffs presented this argument to the Court in their opposition to Primus's Motion to Dismiss. (*See* Doc. 37 at pp. 14–15). Nor should there be any doubt that the Court implicitly rejected § 324A as a basis for liability in its Order granting Primus's Motion to Dismiss. (*See* Doc. 61

5

(identifying "[t]he ... sources of general negligence in Louisiana [as] ... La. Civ. Code Ann. Arts. 2315 and 2316")).

Perhaps the Court's Order would have been more clear had the Court expressly stated *why* it omitted a discussion of Primus's duty to Decedent under § 324A. In any event, the Court's reasoning is straightforward. As stated in the Court's prior Order, "[w]hen faced with unsettled questions of Louisiana law, [a District Court sitting in diversity jurisdiction] adhere[s] to Louisiana's Civilian decision-making process by first examining *primary sources of law*, namely, *Louisiana's Constitution, codes, and statutes.*" *Wiltz v. Bayer CropScience, Ltd. P'ship*, 645 F.3d 690, 695 (5th Cir. 2011) (emphasis added). Although § 324A has been cited *infrequently* by the Louisiana Supreme Court, *see Bujol v. Entergy Servs., Inc.*, 2003-0492 (La. 5/25/04), 922 So. 2d 1113, 1129 ("[T]his Court has twice cited § 324A to hold that, where a duty to protect others against criminal misconduct has been assumed, liability may be created by a negligent breach of that duty . . . ."), it has *not* been adopted as a source of duty by Louisiana's legislature, *see Wiltz*, 645 F.3d at 695 ("[T]he primary basis of Louisiana's Civil Law is legislation and not the prior decisions of its courts."). Thus, having arrived at "a definitive resolution [based on Louisiana's] primary sources," the Court did not venture into secondary sources—such as § 324A—to locate a source of duty that would sustain Plaintiffs' claims against Primus's Motion to Dismiss. *See Wiltz*, 645 F.3d at 695.

Nor is the Court persuaded that relief from judgment is warranted based on the "newly discovered [facts]" alleged in Plaintiffs' Amended Complaint. *See Templet*, 367 F.3d at 479. To be sure, Plaintiffs' Amended Complaint fleshes out details regarding services performed by Primus, and Primus's relationship Defendant Frontera. (*Compare* Doc. 54-1 (Amended Complaint), *with* Doc. 1 (Original Complaint)). However, none of the additional allegations contained in the Amended Complaint changes the Court's determinations that: (1) "no factual basis exists to show that [Primus's] audit report or its findings were intended to be provided to, or for the benefit of, a class of 'end consumers'—including Decedent," (*See* Doc. 61 at p. 9); and (2) "Primus'[s] work product is not integral to any of Jenson Farms'[s] end products as was the case in *Barrie* and *Gulf*," (*id.* at p. 11). Accordingly, in this Court's view, Plaintiffs' assertion that Primus owed Decedent a duty remains "merely a legal conclusion stated as a fact," *even in light of* the well-pleaded allegations in the Amended Complaint. (*See id.* at p. 12). Therefore, Plaintiffs' Amended Complaint is insufficient to withstand Primus's motion to dismiss when considered in the first instance. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."). Likewise,

Plaintiffs' Amended Complaint is insufficient to justify relief from the Court's Order granting Primus's Motion to Dismiss. *See Templet*, 367 F.3d at 478–79.

## II. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiffs' **MOTION FOR LEAVE TO AMEND, (Doc. 54)** is **GRANTED**. The Clerk of Court shall create a new docket entry for Plaintiffs' Amended Complaint, currently located at Doc. 54-1.

**IT IS FURTHER ORDERED** that Plaintiffs' **UNOPPOSED MOTION FOR LEAVE TO SUPPLEMENT (Doc. 55)** is **DENIED AS MOOT**. However, because the additional authority submitted by Plaintiffs is relevant to Plaintiffs' Motion for Reconsideration (Doc. 70), the Clerk of Court shall create a new docket entry labeled "Additional Authority in Support of Plaintiffs' Motion for Reconsideration" for the exhibit currently located at Doc. 55-1.

**IT IS FURTHER ORDERED** that Plaintiffs' **MOTION FOR RECONSIDERATION (Doc. 62)** is **DENIED**.

Baton Rouge, Louisiana, this 17th day of July, 2014.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**